# ISIDORE GRUENBERG v. HEYWOOD MANUFACTURING COMPANY.[1]

July 16, 1909.

Nos. 16,138—(127).

**Negligence — Assumption of Risk — Questions for Jury.**

In a personal injury action, it is *held* that the evidence made a case for the jury upon the issues of negligence, contributory negligence, and assumption of risk.

[1] Reported in 122 N. W. 324.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The negligence alleged is stated in the second paragraph of the opinion. The case was tried before John Day Smith, J., and a jury which returned a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Brown, Albert & Guesmer,* for appellant.
*H. E. Fryberger,* for respondent.

ELLIOTT, J.

In an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, plaintiff recovered a verdict for $1,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. The case presents the usual questions of negligence, contributory negligence, and assumption of risk.

The plaintiff, a young man about eighteen years of age, was in the employ of the defendant, and at the time the accident occurred was engaged in feeding a printing press, which had been adapted to, and was being used for the purpose of, cutting material for making boxes. The injury was caused by the operator's hand being caught between the platen and the bed of the press which he was feeding, and the claim is that the accident was due to the negligence of the employer in failing to furnish the employee with a reasonably safe place to work and with reasonably safe and suitable appliances and tools. More specifically stated it is claimed that the machine was defective and out of repair, that it was being run at a high rate of speed, that the light was insufficient, and that the employee was not warned and properly instructed as to the dangers of the work under the existing conditions. There was evidence tending to show that the employee was ordered by the foreman to do the work in the particular way in which he was doing it at the time of the injury.

As to the negligence of the defendant, the evidence made out a case which justified the court in submitting the issue to the jury, and the same is true as to the issue of contributory negligence. It appeared that because of the defective condition of the machine the

cardboards, after being cut, adhered to the bed, so that it was necessary to remove them by hand. The plaintiff testified that he called the attention of the foreman to this fact, and was instructed to use his hand for that purpose. Whether, under the circumstances and conditions, it was negligent for him to do so, was a fair question for the jury to decide.

A more serious question arises upon the claim that the young man assumed the risks incident to the work. The claim is made that a short time before the injury occurred the attention of the foreman was called to the defective condition of the machine, and that he then directed the employee to continue working with it until the closing hour and that he would then have it repaired. It is not very clear, however, that this promise or statement was made in view of the fact that it was dangerous for the employee to continue the work under the conditions. The defendant claims that neither party had the question of danger to the employee in mind, and that the repairs were to be made for the purpose of preventing the destruction of stock. The evidence is not very conclusive; but, as the issue was submitted under proper instructions, we will not interfere with the conclusion which was reached by the jury and approved by the trial court.

There is nothing in the case which requires extended discussion. The issues were for the jury to determine, and we find no errors of law that would justify the reversal of the decision of the trial court.

The order is therefore affirmed.